**Louis LEE and William Johnny Williams,
Appellants,**

v.

**STATE of Alaska, Appellee.**

**No. 193.**

Supreme Court of Alaska.

Oct. 2, 1962.

Hugh G. Wade, Anchorage, for appellant.

Michael M. Holmes, Asst. Atty. Gen., Juneau, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

In this appeal the adequacy of the rules of practice and procedure governing appeals from the magistrate courts to the superior court is questioned.

Appellants were arraigned in the District Magistrate Court for the Third District on April 5, 1961 on charges of creating a disturbance in a public place. Pleas of not guilty were entered, jury trials were demanded and appellants were released on bail pending trial. Appellants represented themselves in a trial before a jury on May 11, 1961 and were found guilty. Immediately after being sentenced they gave oral notice of appeal to the superior court.

On October 25, 1961 the superior court reviewed the record of the proceedings below and on November 7, 1961 entered orders affirming the judgments appealed from. Appeals were then taken to this court.

Appellants allege that the district magistrate court erred in failing to give adequate notice of the time and place of trial so as to enable them to engage an attorney and prepare their case for trial.

■ The record reveals that appellants were released on bail immediately after their arraignment. They were not tried until five weeks later. Both appellants appeared timely for trial and announced to the court that they intended to represent themselves. They made no complaint of lack of notice nor did they request a continuance. They had ample time between arraignment and trial to procure counsel if they had so desired. The fact that one of the appellants remarked during his opening statement that both had been expecting that they would be permitted to plead guilty to a lesser charge and that they were only informed at 9:45 a. m. that they would go to trial at 10:00 a. m. cannot now be urged as a ground for reversal.

It is next alleged that the superior court erred in failing to provide rules for the orderly disposition of cases appealed from the magistrate courts and in failing to apprise the parties of the procedure to be followed.

■ Under article IV, section 15 of the Alaska Constitution the responsibility for promulgating rules governing practice and procedure in civil and criminal cases in all courts rests with the supreme court.[1] The superior court has no responsibility or authority to promulgate rules of practice and procedure.

In the discharge of its responsibility to promulgate rules of practice and procedure for all courts the supreme court adopted, among other rules, the Rules of Criminal Procedure. Rules 60 and 61 provide in fair detail for the handling of appeals from, and the reviewing of judgments of, magistrate courts.

■ Neither of these rules specifies in detail the procedure to be followed by the superior court in calendaring or hearing appeals from magistrate courts. However, by statute, it is provided that all such appeals are to be heard and determined on the record alone, unless the superior court, in its discretion, grants a new trial, in whole or in part.[2] These statutes provide basic and alternative methods of reviewing which

1. Article IV, § 15 states:
   "The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house."

2. S.L.A.1959, ch. 50, § 17 states in part:
   "All hearings on appeal from any final order or judgment of a subordinate court or administrative agency shall be on the record unless the superior court, in its discretion, shall grant a trial de novo, in whole or in part."
   S.L.A.1959, ch. 184, § 20(3) as amended by S.L.A.1960, ch. 5, § 3 concerning appeals from the magistrate court states in part:
   "All appeals shall be on the record unless the superior court, in its discretion, shall grant a trial de novo, in whole or in part."

were intended to simplify and expedite the handling of appeals. Where the record on appeal is sufficient for the court to determine the issues presented, it is incumbent upon the court to dispose of the appeal on the record alone. Where the record proves to be insufficient to permit the court to dispose of the issues presented, the court has the discretion to grant a new trial in whole or in part. Rule 60(b), Rules of Criminal Procedure, provides in fair detail for the preparation and forwarding of the record. Since appellants have failed to specify wherein they have been prejudiced by the absence of a particular rule, we are not disposed to give this point further consideration.

■ Appellants argue that the superior court erred in failing to give any notice of the hearing on appeal. The record discloses that no formal hearing on appeal was ever had. In proceeding to consider the appeals the court had first to determine whether the issues raised could be disposed of on the record presented or whether a new trial, in whole or in part, should be granted. Since no points on appeal had been specified, no particular issues were raised, and the examination of the record consisted of determining whether prejudicial error of any type had been committed below.[3] The court's examination consisted of reviewing all of the printed record on appeal and listening to the electronic recording of all proceedings had in the magistrate court from the beginning to the end of the trial. Since no prejudicial error was discovered the court proceeded to forthwith enter orders affirming the judgments of the magistrate based on the jury verdicts. There was no necessity for the court to give appellants notice that it intended to examine the record.

■■ Lastly, it is argued that the court erred in not allowing counsel for appellants to be heard prior to rendering a decision. No error was committed in this respect. This does not mean that counsel for an appellant is foreclosed the right to be heard. The court could, and no doubt would, on a proper showing, based on an appropriate motion, permit counsel for the appellant to be heard in argument before the appeal was disposed of on the record.

Rule 60(b) of the Rules of Criminal Procedure provides that from the time of the filing of the magistrate's record the superior court shall have supervision and control of the proceedings on appeal, and may at any time, upon five days' notice, entertain appropriate motions concerning the appeal. In this case over five months elapsed between the time counsel for appellant entered his appearance and the time the court considered the appeal. At any time during this period counsel for appellants could have made any appropriate motion, including a motion to be heard in argument if he had so desired, but he did not do so.

The judgments are affirmed.

---

3. At the time these cases were appealed Rule 60, Rules of Criminal Procedure, did not require that any grounds for appeal be specified when oral notice of appeal was given in open court. Effective January 1, 1963, Rule 60 will be superseded by Magistrate Rule of Criminal Procedure 2(a) which provides that the grounds for appeal shall be stated to the court when oral notice of appeal is given in open court. These grounds shall be noted by the court and may be supplemented by additional grounds in writing if filed within the time allowed for the filing of written notice of appeal.