Zelma Janet COWGILL, Appellant,

v.

STATE of Alaska, Appellee.

No. 709.

Supreme Court of Alaska.

Feb. 20, 1967.

Warren A. Taylor, Fairbanks, for appellant.

Thomas E. Fenton, Dist. Atty., and William J. Hurley, Jr., Asst. Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., DIMOND, J., and SANDERS, Superior Court Judge.

OPINION

DIMOND, Justice.

In the district court appellant was found guilty by a jury of the offense of operating a motor vehicle while under the influence of intoxicating liquor. At the time of sentencing, on July 23, 1965, appellant gave oral notice of appeal to the superior court. No grounds for the appeal were stated.

On October 11, 1965 the state moved the superior court to dismiss the appeal for the reason that no brief had been filed by appellant. In the alternative, the state moved the court to set a time for the filing of briefs and for a hearing of appellant's appeal on the record made in the district court.[1] The superior court denied the motion to dismiss and set times for the filing of appeal briefs as follows: the appellant's

1. The state's motion read in part as follows:

Comes now the plaintiff, State of Alaska, in the above-entitled action, and respectfully moves the Court to dismiss the appeal for the reason that no brief has been filed by appellant.

In the alternative, the State of Alaska respectfully moves the Court to set a time for the filing of briefs and for a hearing on the record of the appeal by defendant Zelma Janet Cow-

gill, from her criminal conviction in the District Magistrate Court, Fourth Judicial District on July 23, 1965, of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor.

AS 22.15.240(c) provides in part as follows:

All appeals shall be on the record unless the superior court, in its discretion, grants a trial de novo, in whole or in part.

brief, to be filed by November 19, 1965, the state's brief, by December 6, 1965, and the appellant's reply brief, within ten days after the state's brief had been filed.

Appellant filed her brief in the superior court on November 18, within the time allowed. No answering brief was filed by the state. Instead, on November 22 the state moved to dismiss the appeal on the ground that appellant's oral notice of appeal had set forth no grounds for the appeal.

On December 15 appellant filed with the superior court her "Statement of Points on Appeal". On January 25, 1966 the appeal was dismissed, the court holding that there was no valid appeal because of appellant's failure to state the grounds of appeal when her oral notice of appeal was given or to file a written notice of appeal containing a concise statement of the grounds for appeal within 30 days from the entry of the judgment of conviction of the district court. Appellant now appeals to this court contending that the superior court's dismissal of her appeal from the district court judgment was erroneous.

There are two ways of appealing from a judgment of the district court. One is by filing with the district court a written notice of appeal within 30 days from the entry of the judgment appealed from,[2] in which case a concise statement of the grounds for appeal must be contained in the notice. The other is by giving oral notice of appeal in open court immediately following the imposition of sentence, in which case the grounds for appeal must be stated at the time such oral notice is given. In addition, where oral notice is given, other grounds for appeal may be set forth in a written notice to the court filed within 30 days from the entry of the judgment appealed from.[3]

■ Appellant chose to give oral notice of appeal. But she stated no grounds at the time in accordance with the requirements of District Court Criminal Rule 2(a). That rule provides that "the grounds of appeal thus stated orally or in writing shall constitute the sole basis for review by the superior court." Since appellant stated no grounds in accordance with the rule, the superior court could hold that there was nothing for it to review and, accordingly, order that the appeal be dismissed, which is what it did in this case.

■ Dismissal, however, was not a necessity. Under Criminal Rule 53 the superior court could have relaxed or dispensed with the requirements of District Court Criminal Rule 2(a) if it were manifest to the court that a strict adherence to that rule would have worked injustice.[4] We believe that

2. AS 22.15.240(c) provides that "An appeal from the district court shall be taken within 30 days from the date of entry of the judgment."

3. District Ct.Crim.R. 2(a) provides as follows:
   An appeal from a judgment of conviction in a district court, as provided by AS 22.15.240, shall be taken by filing with the district judge a notice in duplicate stating that the defendant appeals from the judgment. The notice of appeal shall set forth the title of the case, the names and addresses of the appellant and the appellant's attorney, if any, a general statement of the nature of the offense, the date of the judgment, the sentence imposed, and if the defendant is in custody the place where he is confined. The notice shall also contain a concise statement of the grounds of appeal. In lieu of written notice, a defendant may give oral notice of appeal in open court, immediately following the imposition of sentence, which shall be entered by the district judge in the docket. When oral notice is given, the defendant shall state to the court the grounds of the appeal. The court shall note in the record of each ground of appeal. Additional grounds for appeal may be set forth by written notice to the court filed within the time allowed for the filing of a written notice of appeal. The grounds of appeal thus stated orally or in writing shall constitute the sole basis for review by the superior court.

4. Crim.R. 53 provides:
   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict ad-

the superior court ought to have applied Criminal Rule 53 in this case. The appellant gave oral notice of appeal on July 23, 1965. It was not until nearly four months later, on November 22, that the state brought to the attention of the superior court for the first time that appellant had failed to state the grounds of her appeal in accordance with District Court Criminal Rule 2(a). In the meantime, in October, the state had moved to dismiss the appeal, not for appellant's failure to state grounds for the appeal, but because she had not filed an appeal brief. Alternatively, the state asked the superior court to set a time for the filing of briefs. The court denied the motion to dismiss and ordered the filing of briefs on specified dates. In accordance with that order, appellant filed her brief on November 18, 1965, which was four days prior to the time that the state moved for a dismissal on the ground that appellant had not stated her grounds for appeal at the time she gave oral notice of appeal. In the appellant's brief her grounds for the appeal were stated.[5]

The record does not disclose why the state did not move promptly to dismiss the appeal when it was aware at the time oral notice of appeal was given that the appellant had failed to state the grounds of her appeal. Instead, the state obtained an order requiring appellant to file a brief and then sat by and allowed appellant to expend the time and effort in preparing a brief before moving for a dismissal on account of appellant's failure to comply with District Court Criminal Rule 2(a).

In these circumstances we believe that a strict adherence to the requirements of District Court Criminal Rule 2(a) resulted in an injustice to appellant, and that her

appeal should not have been dismissed. The reinstatement of that appeal will correct such injustice, and will accomplish the desirable objective of having appeals decided on the merits.[6] We can see no prejudice to the state that will result from such action, for at one time the state indicated its satisfaction in having the appeal decided on the merits when it asked for and obtained an order requiring appellant, and the state, to file appeal briefs.

The judgment is reversed and the case is remanded to the superior court for further proceedings consistent with the views expressed in this opinion.

---

herence to them will work injustice. The foregoing rule is made applicable to the district court by District Ct.Crim.R. 1 which provides that "Wherever practicable the Rules of Criminal Procedure shall apply to criminal actions within the jurisdiction of district courts."

5. In her brief appellant argued that her arrest was illegal, that there had been

violations of the fourth and fifth amendments to the federal constitution, and that the complaint was fatally defective so as to make the judgment of conviction void.

6. See Edwards v. Franke, 364 P.2d 60, 62 (Alaska 1961).