**Melvin Ray KINSMAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1523.**

Supreme Court of Alaska.

April 21, 1972.

Herbert D. Soll, Public Defender R. Collin Middleton, Lawrence J. Kulik, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Harold M. Brown, Dist. Atty., Ketchikan, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNER, BOOCHEVER and ERWIN, JJ.

## OPINION

BONEY, Chief Justice.

The defendant, Kinsman, appeals from an order of the superior court dismissing his appeal from a district court judgment of conviction.

On June 24, 1970, Kinsman was convicted in district court of assault and battery. He filed a timely Notice of Appeal and Statement of Points. Points No. 2, 3, 4, and 5 of which were stated as follows:

2. Remarks made by the District Attorney in his final argument were prejudicial to the defendant.

3. Remarks made by the judge during the Voir Dire of the jurors constituted a substantial impairment of the defendant's right to be tried by a fair and impartial jury.

4. Remarks of the judge on issues of law, made throughout the trial, exceeded the scope of allowable limitations as set forth by District Court Rule 1(c).

5. Defendant was prejudiced by the belief of the judge in his obvious guilt, as reflected by the judge's remarks at various stages of the proceedings.

On September 30, 1970, the state moved for an order requiring Kinsman to allege with more particularity what remarks were prejudicial to him. The parties subsequently stipulated to and the superior court ordered an exchange of briefs in lieu of a hearing on the state's motion. On February 10, 1971, the date his brief was due, Kinsman filed a motion for extension of time to file his brief until February 17, 1971. The parties then entered into a second written stipulation on March 24, 1971 to the effect that the defendant be allowed to file his brief on March 29, 1971, and the superior court so ordered. Again, the brief was not filed on the required date. On May 19, 1971, with no prior notification to Kinsman, the superior court dismissed the appeal for lack of prosecution. A motion for reconsideration was then filed by Kinsman, a hearing was held on the motion, and the relief was denied.

On appeal to this Court, Kinsman argues that the superior court is required by statute[1] and District Court Rule of Criminal

---

1. AS 22.10.020(a) provides in pertinent part that:
   The superior court has jurisdiction in all matters appealed to it from a subordinate court, or administrative agency when appeal is provided by law. . . . The hearing on appeal from a final order or judgment of a subordinate court or ad-

Procedure 2[2] to dispose of his appeal on the merits once he had complied with all the requirements for bringing that appeal from the district court to the superior court. Kinsman contends that he has satisfied all those requirements and that therefore it was error for the superior court to dismiss his appeal.

In Lee v. State[3] this Court approved the practice whereby the superior court determines the appeal from district court upon the record unless in its discretion a trial de novo in whole or in part is necessary. The Court noted that there was no necessity for the superior court to notify the appellant that the court intended to base its decision entirely upon the record. In that case, the defendants argued that the superior court had erred in not allowing their counsel to be heard prior to rendering a decision. The Court disposed of that argument, by noting that under the rules of criminal procedure the superior court had the power to entertain "appropriate motions". The Court noted that over five months had elapsed while the case was pending in the superior court and that no motion for a hearing had been brought by the defendants.

Kinsman argues, in essence, that the superior court has no discretion but to dispose of the case either on the record or after a trial de novo. He relies on Lee v. State to the effect that:

Where the record on appeal is sufficient for the court to determine the issues presented, it is incumbent upon the court to dispose of the appeal on the record alone. Where the record proves to be insufficient to permit the court to dispose of the issues presented, the court has the discretion to grant a new trial in whole or in part.[4]

Kinsman ignores, however, that part of Lee v. State where we discussed the power of the court to entertain "appropriate motions". District Court Criminal Rule 2(b) provides in part that:

From the time of the filing of the magistrate's record the superior court shall have supervision and control of the proceedings on appeal, and may at any time, upon five days' notice, entertain appropriate motions, including motions to dismiss, for directions to the magistrate, or to vacate or modify any order of the magistrate in relation to the appeal, including any order for admission to bail.

The state's motion for a more particular statement of allegations of prejudice and the stipulations of the parties were "appropriate motions" and the superior court was within its powers in ordering a time schedule for briefing.[5] While inherent in its power to entertain "appropriate motions" is the power to police compliance with its orders entered pursuant to those motions,[6] the superior court may not apply its rules in such a way as to work an injustice.[7] We find that here the superior court abused its discretion in ordering a dismissal without first warning Kinsman that his continued failure to comply with the ordered schedule for briefs would lead to dismissal.[8] We

ministrative agency shall be on the record unless the superior court, in its discretion, grants a trial de novo, in whole or in part. AS 22.15.240(c) provides:

An appeal from the district court shall be taken within 30 days from the date of entry of the judgment. All appeals shall be on the record unless the superior court, in its discretion, grants a trial de novo, in whole or in part.

2. Dist.Ct.R.Cr.P. 2.

3. 374 P.2d 868 (Alaska 1962).

4. *Id.* at 870.

5. *See* Cowgill v. State, 423 P.2d 907, 907–908 (Alaska 1967).

6. We note that motions to dismiss are included among the motions that Dist.Ct.R. Cr.P. 2(b) lists as appropriate. That the superior court has the power to dismiss is a proper inference from such inclusion.

7. Cowgill v. State, 423 P.2d 907, 908–909 (Alaska 1967); *cf.* Ketchikan Cold Storage Co. v. State, 491 P.2d 143 (Alaska 1971).

8. We find further support for our conclusion in the failure of the superior court

feel that Kinsman should not lightly be made to suffer, without warning, for the dilatoriness of his counsel in prosecuting his appeal.

The order of dismissal is reversed and the case is remanded to the superior court.

Reversed.

ERWIN, J., dissenting.

ERWIN, Justice (dissenting).

I dissent from the court's conclusion that the superior court abused its discretion in ordering a dismissal of Kinsman's appeal from the district court's judgment of conviction. Kinsman was convicted of assault and battery on June 24, 1970, and filed a notice of appeal and statement of points on appeal the next day. On January 8, 1971 the parties stipulated that briefs be exchanged on the points raised by appellant and the court ordered him to file a brief on February 10. On February 10 the parties stipulated to extend the date the brief was due until February 17; on March 24 they stipulated that the date be extended until March 29. The superior court entered orders endorsing both stipulated delays. On May 19, approximately eleven months after the notice of appeal was filed, appellant had still not filed the brief the court ordered; the superior court therefore dismissed the appeal for lack of prosecution and affirmed the district court's judgment of conviction. Appellant's counsel has made no claim whatsoever of excusable neglect.

The majority opinion notes that District Court Criminal Rule 2(b) gives the superior court power to enter "appropriate motions" and that the superior court was acting within its powers in ordering briefs filed pursuant to a time schedule. It recognizes that the superior court has inherent power to enforce its orders and may do so by dismissing an appeal. Given the length of the delay involved in the

to consider an oral agreement between the parties to the effect that the state would agree to a further enlargement of the time within which Kinsman could file

case at bar and the total failure of appellant's counsel to provide this court with an explanation for his dilatoriness, I cannot agree that the order of dismissal was an "abuse of discretion."

his brief. This agreement was brought to the attention of the superior court in chambers before argument on Kinsman's motion to reconsider the order of dismissal.