Willard LOPEZ, Appellant,

v.

ANCHORAGE, A Municipal Corporation, Appellee.

No. 3883.

Supreme Court of Alaska.

June 22, 1979.

William H. Fuld, of Kay, Christie, Fuld & Saville, Anchorage, for appellant.

Donald L. Starks, Municipal Pros., Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Mary Anne Henry, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for State of Alaska, as amicus curiae.

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, Senior Justice.

## OPINION

BURKE, Justice.

Following the district court's denial of his motion to suppress evidence of a blood alcohol test and his demand that he be tried by a jury of twelve, Willard Lopez pled *nolo contendere* to the offense with which he was charged, reserving the right to appeal as permitted by our decision in *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). *See also Oveson v. Municipality of Anchorage*, 574 P.2d 801 (Alaska 1978). The superior court affirmed. This appeal followed.

### I

■ Lopez was arrested for operating a motor vehicle while under the influence of intoxicating liquor. Upon his refusal to submit to a chemical test of his breath, he was taken to a hospital where a sample of blood was extracted from him without his consent. Testing of the blood sample revealed the presence of alcohol.

Lopez's motion to suppress this evidence should have been granted by the district court. Our holding in *Anchorage v. Geber*, 592 P.2d 1187 (Alaska 1979), fully disposes of this issue.[1]

### II

■ The remaining question is whether one tried in the district court is entitled to a jury of twelve. AS 22.15.150 provides that the jury in district court shall consist of "a body of six persons in number." Lopez contends that this provision is unconstitutional as it conflicts with article I, section 11 of the state constitution,[2] which provides in pertinent part:

*Rights of Accused.* In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, *except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record.* [Emphasis added.]

Appellant's argument is that the district court *is* a "court of record" and that, therefore, the exception noted is inapplicable. We disagree.[3]

■ Whether a particular court is or is not a court of record is not always clear. "[I]t is practically impossible to give a universally valid definition of the term." 20 Am.Jur.2d *Courts* § 26 (1965). Moreover, a court may be considered a court of record for one purpose and not so for another. *Id.* However, as used in article I, section 11, we interpret the phrase "courts not of record" to mean courts of limited jurisdiction, such as the district court, which have been creat-

1. *Geber* was decided after the proceedings in this case were completed in the courts below.

2. It is clear that the Sixth Amendment to the Constitution of the United States, as made applicable to the several states by the Fourteenth Amendment, does not require trial by a jury of twelve. *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Lopez makes no contention that it does. Thus, our discussion is limited to the requirements of the state constitution.

3. We are not persuaded otherwise merely because the district court is in fact required to keep a record of its proceedings "whenever practicable," under Rule 1(i), Dist.Ct.R.Crim.P.

We also reject appellant's argument that the district court must be a "court of record" because no trial de novo is available upon appeal to the superior court. AS 22.15.240(c) provides the superior court with the authority to grant a trial de novo, in whole or in part, for an appeal from the district court. This court has stated that it is proper to grant such a de novo trial in superior court whenever the record proves to be insufficient to permit the court to dispose adequately of the issues presented on appeal. *See Kinsman v. State*, 496 P.2d 63, 65 (Alaska 1972); *Keiner v. City of Anchorage*, 378 P.2d 406, 410 (Alaska 1963); *Lee v. State*, 374 P.2d 868, 870 (Alaska 1962).

ed by the legislature pursuant to constitutional authority and which the legislature has not seen fit to designate specifically as "courts of record." [4]

 The district court is a creature of statute. Article IV, section 1 of the Constitution of Alaska states in part: "The judicial power of the State is vested in a supreme court, a superior court, and the courts established by the legislature. The jurisdiction of courts shall be prescribed by law." In 1959 the first state legislature enacted legislation which, among other things, established the district court. Ch. 184, § 1, SLA 1959.[5] At the same time, it enacted other statutes relating to the constitutionally created supreme and superior courts, including provisions specifically designating each of those courts "a court of record." Ch. 50, §§ 2 & 18, SLA 1959. No such designation has ever been attached to the legislature's own creation, the district court. We will not presume to attribute this difference to mere oversight. Instead, we treat it as indicating the legislature's intent that the district court be considered "a court not of record" for purposes of article I, section 11. Thus, we perceive no conflict between that section and AS 22.15.-150.

4. At the time of the Constitutional Convention the following discussion took place:
    V. FISCHER: I would like to ask Mr. Taylor or one of the other attorneys here, exactly what are we talking about when we talk about "courts not of record"? Are those established by the legislature and could the legislature not provide for the size of the jury and all the other details?
    PRESIDENT EGAN: Mr. Taylor.
    TAYLOR: Not if we put this limitation on it, or restriction on them. That is why it is in there. A court of record is a court in which the proceedings are not transcribed, they have no shorthand reporters present unless you ask for a court of record.
    PRESIDENT EGAN: Mr. Ralph Rivers.
    R. RIVERS: May I amplify what Mr. Taylor says? The courts of general jurisdiction have the common law jury of twelve. That is what will be our superior court after we get to be a state. The judiciary article says that the legislature may establish such courts of limited jurisdiction as the legislature deems fit, and that would be the J P courts, and they authorize these magistrate courts in towns and juvenile courts and that sort of thing, all

Affirmed in part, reversed in part and remanded for further proceedings.[6]

MATTHEWS, J., not participating.

of those courts which would be created by the legislature would not be courts of record. 2 Proceedings of the Alaska Constitutional Convention 1317.

5. Originally, the court was known as the "district magistrate court." Ch. 184, § 1, SLA 1959. In 1966 it became the "district court of the State of Alaska." Ch. 24, § 1, SLA 1966. It has always been a court of limited criminal and civil jurisdiction, having apparently evolved from the "justice's court" of territorial days. See § 67-1-1 ACLA 1949.

6. The judgment of the district court in this case was entered prior to the announcement of our decision in Oveson v. Municipality of Anchorage, 574 P.2d 801, 803 n. 4 (Alaska 1978). Thus, there was no stipulation that resolution of the issues reserved for appeal would be dispositive of the entire case, as Oveson requires in cases such as this, i. e., those where there has been a plea of guilty or nolo contendere. For that reason, the case is being remanded for possible retrial, without the results of the blood test.