In the Matter of P.S., D.O.B. 12/20/66, Appellant,

v.

STATE of Alaska, Appellee.

No. 6870.

Court of Appeals of Alaska.

Dec. 30, 1982.

Thomas E. Fenton, Fairbanks, for appellant.

Rhonda F. Butterfield, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

The state petitioned in the superior court seeking an adjudication that P.S. was a

delinquent. *See, e.g.,* AS 47.10.010(a). The petition alleged that P.S. had solicited another to commit theft in the second degree in violation of AS 11.31.110. Theft in the second degree is a class C felony. AS 11.-46.130(b). Consequently, solicitation to commit theft in the second degree is a class A misdemeanor. AS 11.31.110(c)(4). P.S. requested a twelve-person jury. The trial court, determining that the conduct charged in the petition would have been a misdemeanor if P.S. were an adult, concluded that only a six-person jury was warranted. Trial was held. The six-person jury found P.S. guilty and he was adjudicated a delinquent. He appeals contending that he was entitled to a twelve-person jury. We agree and reverse.

Article 1, § 11 of the Alaska Constitution provides in relevant part:

> In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record.

In *R.L.R. v. State,* 487 P.2d 27, 32 (Alaska 1971), the court held that the term "criminal" prosecution in the constitutional provision includes "any offense a direct penalty for which may be incarceration in a jail or penal institution." The court went on to hold that when a child in a delinquency proceeding is charged with acts which would be a crime, subject to incarceration if committed by an adult, the Alaska Constitution guarantees him the right to a jury trial.

In *Lopez v. Anchorage,* 597 P.2d 146, 147–48 (Alaska 1979), the supreme court defined "courts not of record" to mean "courts of limited jurisdiction, such as the district court, which have been created by the legislature pursuant to constitutional authority and which the legislature has not seen fit to designate specifically as 'courts of record.'" Under this definition, the "superior court" is clearly a court of record. 597 P.2d at 148. Consequently, since P.S. was involved in a criminal proceeding and tried in a court of record, he was entitled to a twelve-person jury.

The judgment of the superior court is REVERSED and this case is REMANDED for a new trial.