**STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, Petitioner,**

v.

**Harry W. WILKINSON, Respondent.**

**No. S–415.**

Supreme Court of Alaska.

Sept. 21, 1984.

Paul R. Lyle, Asst. Atty. Gen., Fairbanks, Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

Christopher E. Zimmerman, Zimmerman & Zervos, Fairbanks, for respondent.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON, and MOORE, JJ.

---

**940**

## OPINION

BURKE, Chief Justice.

This dispute arises from the enforcement of an order issued by the Superior Court, Fourth Judicial District, purporting to abolish the requirement of an appeal bond under certain circumstances.[1]

When the Department of Public Safety revoked Harry Wilkinson's driver's license, he appealed to the superior court. In the superior court, the state moved for a bond pursuant to Appellate Rule 602(c)(1).[2] The court denied the motion, and imposed sanctions on the state, citing its earlier order. The state's petition for review of that decision was granted by this court.

Respondent Wilkinson argues that Appellate Rule 609 provides the superior court with broad powers to "make such orders as are necessary and proper to aid its appellate jurisdiction."[3] Wilkinson argues that the order in question was in aid of the superior court's appellate jurisdiction; the denial of the state's motion was proper.

We disagree with Wilkinson's construction of Appellate Rule 609. Appellate Rule 602(c)(1) establishes the right of the state to obtain a bond. The superior court's order was in conflict with a rule adopted by this court under its rule-making power.[4] Application of the court's order would effectively exempt all administrative appeals from the bond requirement of Appellate Rule 602(c).

Thus, we hold the superior court's "Order Re Costs on Appeal" to be invalid. Accordingly, we direct that the superior court's order denying the state's motion for a bond on appeal and imposing sanctions be vacated. The case is remanded for consideration of the merits of the state's bond request.

VACATED AND REMANDED.

---

1. The order in question, entered February 16, 1982, provided:

   ORDER RE COSTS ON APPEAL

   Effective immediately, no bond will be required of a party appealing from the decision from an administrative agency of the State of Alaska or a municipality. Furthermore, no bond shall be required of a party appealing from a decision of the District Court of State of Alaska to the Superior Court in order to perfect the appeal. Any party desiring that a bond be posted in an appeal from a decision of the District Court shall apply by motion to the Superior Court for a bond pursuant to Rule 602(c) of the Rules of Appellate Procedure of the State of Alaska.

   Any orders or directives to the contrary are hereby rescinded.

   ORDERED AND DATED at Fairbanks, Alaska this 16th day of February, 1982.

2. Appellate Rule 602(c)(1) states:

   In a civil case or an appeal from an administrative agency, unless a party is exempted by law, or has filed an approved supersedeas bond under Rule 603(b), a bond for costs on appeal shall be filed with the notice of appeal. The amount of the bond, if any, shall be fixed by the superior court and it shall be regulated by the terms of Rule 204(c) and Civil Rule 80. The bond shall be filed with the superior court.

3. Appellate Rule 609 provides in pertinent part:

   After notice of appeal to the superior court has been given, the superior court shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction.

4. *See* Alaska Const. art. IV, § 15; *Lee v. State,* 374 P.2d 868 (Alaska 1962).